{¶ 1} Once again, I must respectfully dissent in this action.
{¶ 2} Last time, the majority took exception with the extraterritorial nature of appellant's arrest. This time the majority concludes that "the informant's tip did not give rise to a reasonable suspicion to justify a traffic stop." I disagree for the following reasons.
{¶ 3} The majority mistakenly concludes that the informant was "anonymous" because the informant was identified as "an off-duty Bainbridge Township volunteer fireman." Such identification by position does not constitute anonymity. Moreover, during the suppression hearing below, appellee presented the testimony of a Bainbridge Township volunteer fireman who observed appellant's vehicle strike the mailbox. The praecipe in the record identifies the witness subpoenaed for the suppression hearing as Bill Measures. Obviously, since the identity of the informant (Bill Measures) was known, the informant was not
anonymous.
{¶ 4} Second, the informant's thought-based information that appellant's vehicle struck a mailbox was confirmed by the arresting officer's observation of damage to that vehicle's side mirror. This physical confirmation of the informant's information supports a reasonable suspicion sufficient to justify a traffic stop.
{¶ 5} Third, the majority takes a strained view of the informant's statement that he saw appellant's vehicle "drive left of center." While this phrase is self evident in the context of this case, the majority nonetheless postulates that appellant "could simply have been making a legal left turn." Such speculation might make sense under certain circumstances, but not in this action. Since the tape recording of the suppression hearing was unavailable because of a recording error, the parties submitted an "agreed" statement of the facts. If appellant's driving "left of center" was part of a left turn, it is reasonable to conclude that appellant would not have agreed to the statement of facts unless the reference to "left of center" indicated that this action was part of a legal left turn.
{¶ 6} The Supreme Court of Ohio has recognized that "[a] telephone tip can, by itself, create reasonable suspicion justifying an investigatory stop where the tip has sufficient indicia of reliability."Maumee v. Weisner (1999), 87 Ohio St.3d 295, paragraph two of the syllabus. The trial court found sufficient indicia of reliability in this case. There is sufficient evidence in the record to support that ruling. It is not this court's role to second-guess that ruling unless there is no evidence to support that decision. This is not the case.
{¶ 7} For these reasons, I would affirm the decision of the Chardon Municipal Court denying appellant's motion to suppress, and I would affirm the decision of that court.